**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Sherron Alexander, | : | Case No. 01:11CV2262 |
| Petitioner, | : | |
| vs. | : | |
| Richard Gansheimer, Warden, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

### I. INTRODUCTION.

Pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, an automatic reference was made to the undersigned Magistrate Judge for a Report and Recommendation pursuant to LOCAL RULE 72.1. Pending is Respondent's Motion to Dismiss to which Petitioner filed an Opposition (Docket Nos. 6 & 9). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and grant the Motion to Dismiss.

### II. STANDARD OF REVIEW

Because Petitioner filed his habeas petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA's provisions apply to his case. *See Black v. Bell,* 664 F.3d 81, 90 (6th Cir. 2011) (*citing Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009)). Under AEDPA, a federal court may grant a writ of habeas corpus with respect to a "claim that was

adjudicated on the merits in state court proceedings" if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id*. (*citing* 28 U.S.C. § 2254(d)(1)). A habeas petition may also be granted if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (*citing* 28 U. S. C. § 2254(d)(2)).

A state-court decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Id.* at 90-91 (*citing Williams* [ *v. Taylor*, 120 S. Ct. 1495, 1519 (2000) ]. A state-court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," *Id.* (*citing Williams,* 120 S. Ct. at 1520), or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context," *Id.* (*citing Seymour v. Walker*, 224 F.3d 542, 549 (6th Cir. 2000)). Review under Section 2254(d)(1) is "limited to the record that was before the state court." *Id.* (*citing Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)).

### III. FACTUAL BACKGROUND.

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774 (6th Cir. 2008). The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* (*citing* 28 U.S.C. § 2254(e)(1)).

Because Petitioner has not rebutted the high probability that the facts presented to the jury

2

were true, the Court presumes the facts determined by the court of appeals are correct:

> Detective Klamert ("Klamert") received information from a confidential informant (CI) that a black male, approximately six feet tall, 240 pounds and known as "Q," was selling drugs at 3207 West 92nd Street. The CI also provided Klamert with a cellular telephone number for "Q." Based on this information, Klamert obtained a subpoena to the phone carrier for the information on that number and learned that the number belonged to a Sabriye Inal. Klamert further learned that Sabriye Inal previously made a police report for identity theft.
>
> Klamert, however, was unable to find any information on "Q." Therefore, the CI drove with Klamert to the 3207 West 92nd address where he indicated "Q" resided. Klamert maintained surveillance on the West 92nd address. Additionally, the CI provided Klamert with another cellular telephone number for "Q," which was listed to Petitioner.
>
> A controlled buy from Petitioner was arranged and the CI was given $60 in Cleveland Police Department ("CPD") money that Klamert photocopied. Klamert and the CI drove to the residence of 3207 West 92nd Street. Klamert observed the CI knock on the door, enter the residence, and approximately two to three minutes later, exit the residence. The CI was searched and found to have three rocks of crack cocaine, but no money. The three rocks of crack cocaine recovered from the CI were introduced as State's Exhibit 1 at the trial of this matter.
>
> After the buy, Klamert obtained a search warrant for the residence of 3207 West 92nd Street. On September 19, 2003, members of the CPD set up a surveillance unit of the residence. Klamert observed a black male fitting the description of "Q" exit the downstairs unit of the home and get into a parked vehicle in front of the house. He sat in the vehicle for a few minutes and then exited the vehicle and proceeded to 3207 West 92nd Street, the upstairs unit. The male went inside the residence for a short time, then exited and drove away in his vehicle.
>
> Klamert checked the license plate of the vehicle and learned that the plate did not match the vehicle the male was driving. Klamert radioed for surveillance detectives to stop the vehicle. The driver was identified as Renardo Berry ("Berry"), who had a rock of crack cocaine in his possession. Berry informed the police that he had just purchased the crack cocaine from his neighbor, an overweight black male. Berry told the police he resided at 3209 West 92nd Street.
>
> Detective Klamert continued his surveillance of the residence and observed a black male fitting the description of "Q" exit the upstairs unit of 3207 West 92nd Street and approach a Blazer while looking back and forth. While at the Blazer, the male, later identified as Petitioner, repeatedly leaned in and out of the vehicle and at one point, cupped his hand as if showing the occupants of the vehicle something. Klamert believed Petitioner was involved in a drug transaction and notified the other detectives

3

to proceed in executing the search warrant. As the units transcended upon Petitioner, he fled and ran towards the residence. Klamert observed Petitioner throw an object that was never recovered.

The detectives apprehended Petitioner, who stated that his name was Sherron Alexander. Klamert advised Petitioner of the search warrant, as well as his Miranda rights. When asked whether anyone was in the residence, Petitioner maintained there was not. Klamert and the other detectives entered the residence with Petitioner and found four individuals in the living room playing video games and a female with two small children.

During a systematic search of the residence, detectives discovered three large bags containing crack cocaine in the dirt of a large plant in the living room. These bags were introduced into evidence at the trial of this matter as State's Exhibit 2. The detectives also found a large rock of crack cocaine in the kitchen above the door jam and three bags of crack cocaine in the dining room above the door jam. These items were introduced into evidence at the trial of this matter as State's Exhibit 3 and 4, respectively. Additionally, detectives discovered a sock with $3,100, which contained the CPD buy money, and a scale. The detectives further seized personal papers establishing that Petitioner was the resident of the apartment. Several cellular phones were also seized including the phone listed to Petitioner with the phone number used by the CI. Four driver's licenses were also found at the residence, one of which belonged to Sabriye Inal, who had reported her license missing and made an identity theft report to the police. The detectives prepared an inventory sheet listing all items retrieved from the residence. This sheet was introduced into evidence at the trial as State's Exhibit 21.

*State v. Alexander,* 2005 WL 2401300, *1 -2 (2005)

## IV. PROCEDURAL BACKGROUND.

**A.** **INDICTMENT**.

During the September 2003 term, Petitioner was indicted by a Cuyahoga County Grand Jury on the following:

| | |
|---|---|
| COUNT 1 | POSSESSION OF DRUGS, a violation of OHIO REV. CODE § 2925.11. |
| COUNTS 2 | DRUG TRAFFICKING, a violation of OHIO REV. CODE § 2925.03, with a MAJOR DRUG OFFENDER SPECIFICATION as defined in OHIO REV. CODE § 2941.1410. |
| COUNT 3 | POSSESSION OF DRUGS, a violation of OHIO REV. CODE § 2925.11, with a MAJOR DRUG OFFENDER SPECIFICATION, as defined in OHIO REV. CODE § 2941.1410. |
| COUNT 4 | POSSESSING CRIMINAL TOOLS, a violation of OHIO REV. CODE § 2923.24. |
| COUNTS 5, 6 | DRUG TRAFFICKING, a violation of OHIO REV. CODE § 2925.03. |
| COUNT 7, 8 | POSSESSION OF DRUGS, a violation of OHIO REV. CODE § 2925.11. |

(Docket No. 6, Attachment 1, pp. 1-3 of 232).

**B.  TRIAL.**

On October 18, 2004, Petitioner waived his right to trial by jury (Docket No. 6, Attachment 1, p. 4 of 232).  On November 1, 2004, Judge Ann T. Mannen found Petitioner guilty on COUNTS 2, 3, 4, 5, 6, and 7 as charged in the indictment.  Judge Mannen determined that COUNTS 1 and 8 did not apply (Docket No. 6, Attachment 1, p. 6 of 232).

**C.  THE SENTENCING HEARING.**

On November 15, 2004, the sentences of ten years on each of COUNTS 2 and 3 and ten months on each of COUNTS 4, 5, 6 and 7 were imposed.  The counts were to run concurrent with each other (Docket 6, Attachment 1, p. 7 of 232).

**D.  THE DIRECT APPEAL.**

Petitioner filed an appropriate notice appealing the conviction on December 20, 2004 (Docket No. 6, Attachment 1, pp. 8-9 of 232).  On February 14, 2005, three assignments of error were presented:

1. Petitioner was denied his right to effective assistance of counsel guaranteed by Article 1, Section 10 of the OHIO CONSTITUTION and the Sixth and Fourteenth Amendment of the UNITED STATES CONSTITUTION when his attorney failed to introduce the independent drug report.
2. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that Petitioner was guilty of drug trafficking as charged in COUNT 2 and possession of drugs as charged in COUNT 3.
3. Petitioner's conviction for drug trafficking as charged in COUNTS 2 and for possession of drugs as charged in Count 3 was against the manifest weight of the evidence.

(Docket No. 6, Attachment 1, p. 12 of 232).

On September 29, 2005, the Court of Appeals announced the decision affirming Petitioner's conviction which overruled all of Petitioner's assignments of error and affirmed the conviction.  The

decision was filed and journalized on October 11, 2005 (Docket No. 6, Attachment 1, pp. 88-108 of 232).

E.     APPEAL TO THE SUPREME COURT OF OHIO.

Petitioner did not perfect an appeal from the court of appeals in the Supreme Court of Ohio within forty-five days from the entry of the judgment being appealed as required by S. CT. PRAC. R. 2(A)(1)(a). Pursuant to S. CT. PRAC. R. 2(A)(2) ,the Supreme Court was divested of jurisdiction to hear the appeal on November 25, 2005.

F.     MOTIONS FOR POST-CONVICTION RELIEF.

1. Petitioner filed a motion to void judgment on January 20, 2009 (Docket No. 6, Attachment 1, p. 111 of 232). The court of common pleas converted the motion into a post-conviction petition, held it to be untimely filed and denied it without hearing on October 22, 2010 (Docket No. 6, Attachment 1, pp. 134-137 of 232).

2. Petitioner filed a motion for correction of sentencing error on March 11, 2010 in the court of common pleas (Docket No. 6, Attachment 1, pp. 115-126 of 232). The court of common pleas assumed that it had jurisdiction and determined that the claims were not cognizable in a post-conviction petition. The motion was converted into a post-conviction petition, held untimely filed and denied without a hearing on October 22, 2010 (Docket No. 6, Attachment 1, pp. 136-137 of 232).

3. On November 9, 2010, a notice perfecting an appeal from the October 22, 2010 judgment was filed in the court of appeals (Docket No. 6, Attachment 1, p. 138 of 232). In the merit brief filed on December 8, 2010, Petitioner, *pro se*, asserted three assignments of error:

    1.    "The trial court committed reversible error in failing to merge Petitioner's conviction for trafficking in drugs and possession of drug in violation of Ohio Allied Offense statute R. C. 2941.25.
    2.    The trial court improperly sentenced Petitioner to ten years imprisonment for major drug offender specification and such sentence should be vacated.

>   3.  Trial courts sentence is not supported by the record and the trial court failure to state its reasons rather than conclusion mandates a reversal pursuant to R. C. 2929.11-14."

(Docket No. 6, Attachment 1, p. 156 of 232).

On March 24, 2011, the court of appeals released and journalized a decision affirming the trial court's judgment and finding that Petitioner waited four years to challenge his sentence and therefore the doctrine of *res judicata* prohibited review (Docket No. 6, Attachment 1, pp. 182-191 of 232). Petitioner, *pro se*, filed a notice of appeal in the Supreme Court of Ohio from the judgment entered on March 24, 2011 (Docket No. 6, Attachment 1, pp. 203-214 of 232). In the memorandum, he presented four propositions of law:

>   1.  "The lower courts committed reversible error in denying Petitioner's motion to comply with R. C. 2941.25.
>   2.  The trial court committed reversible error in failing to merge Petitioner's conviction for trafficking in drugs and possession of drugs in violation of Ohio Allied Offense Statute R. C. 2941.25.
>   3.  The trial court improperly sentenced Petitioner to ten years imprisonment for the Major Drug Offender Specification and such sentence should be vacated.
>   4.  Trial courts sentence is not supported by the record and the trial court failure to state its reasons rather than conclusion mandates a reversal pursuant to R. C. 2929.11-14."

(Docket No. 6, Attachment 1, p. 206 of 232).

Petitioner, *pro se*, filed an application for reconsideration on or about March 30, 2011 (Docket No. 6, Attachment 1, pp. 192-197 of 232). On April 11, 2011, the motion was denied (Docket No. 6, Attachment 1, p. 202 of 232).

Chief Justice Maureen O'Connor determined on June 22, 2011, that Petitioner's appeal did not involve a substantial constitutional question. Petitioner was denied leave to appeal (Docket No. 7, Attachment 1, p. 227 of 232). Petitioner requested reconsideration on July 5, 2011 in the Supreme Court of Ohio (Docket No. 7, Attachment 1, pp. 228-231 of 232). Chief Justice O'Connor denied the motion of reconsideration on August 24, 2011 (Docket No. 7, Attachment 1, p. 232 of 232).

G.  **PETITION FOR WRIT OF HABEAS CORPUS**.

Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U. S. C. § 2254 on October 21, 2011.  Petitioner seeks relief on two grounds which are supplemented with supporting facts:

1.  Sixth and Fourteenth Amendments to the United States Constitution.

**Supporting Facts:**

"The sentence of Petitioner for Trafficking Under R. C. 2925.03 and Drug Possession Under R. C. 2923.11 stemming from single animus Violated Double Jeopardy Clause.  This error rendered the sentence of the trial court void."

2.  Fourteenth Amendment Clause.

**Supporting Facts:**

"The Sentences of Petitioner under the Major Drug Offender Specification violated due process and the protection against cruel and unusual punishment."

(Docket No. 1).

H.  **RESPONDENT'S MOTION TO DISMISS**

Respondent argues:

1. Petitioner's claims are barred by the AEDPA statute of limitations that is designated in 28 U. S. C. 2244(d).
2. No tolling events occurred within the time period prior to November 25, 2006.
3. The post-conviction petitions filed in 2009 and 2010, did not toll, pause or restart the limitations period.
4. In the alternative, all grounds for relief in Petitioner's Petition are defaulted and cannot be heard on the merits.

## V.  STATUTE OF LIMITATIONS.

The AEDPA provides for a one-year statute of limitations on the filing of habeas corpus actions.  The applicable statutes, 28 U.S.C. §§ 2244(d)(1) and (d)(2), provide:

(d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d) (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Petitioner's judgment of conviction became final on November 25, 2005. The statute of limitations began to run on November 26, 2005 and expired one year later, on November 26, 2006. Because Petitioner's habeas petition was filed on October 21, 2011, approximately one month short of five years after his conviction became final, his Petition is time-barred unless he can establish that the one year time period can be equitably or statutorily tolled. The Magistrate will discuss the applicability of each tolling doctrine in turn.

### VI. EQUITABLE TOLLING OF PETITIONER'S CLAIMS.

**A.   THE ISSUES.**

There is evidence in the record that there was a significant delay that occurred between the time Petitioner's right to appeal became final and the filing of this habeas Petition and that Petitioner did not file pleadings that tolled or restarted the running of the statute of limitations. Petitioner's

response in the Memorandum in Opposition to Respondent's Motion to Dismiss, is that the statute of limitations does not pose a bar to the review of his claims since (1) he is actually innocent of the major drug offender specification; (2) there is a pending motion to set aside his conviction in state court; (3) he lacked meaningful resources to pursue his rights; and (4) Ohio's saving clause is applicable.

Respondent's argument is simple:  Petitioner has neither demonstrated that he exercised diligence in pursuing his rights nor that some extraordinary circumstance stood in his way and prevented him from timely filing this habeas Petition.  Thus, Petitioner's claims are not entitled to equitable tolling.

**B.**     **THE LAW.**

AEDPA's limitation period is subject to equitable tolling, *Hall v. Warden, Lebanon Correctional Institution*, 662 F. 3d 745, 749 (6th Cir. 2011) *petition for cert. filed April 2012* (*see Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010)), a doctrine that "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (*citing Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted)).  A petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Pinchon v. Myers,* 615 F.3d 631, 641 (6th Cir. 2010) *cert. denied*, 131 S. Ct. 2151 (2010) (*citing Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) *cert. denied*, 125 S. Ct. 200 (6th Cir. 2004)).

The Supreme Court has made it clear that a non-jurisdictional federal statute of limitations is normally subject to a rebuttable presumption in favor of equitable tolling. *Holland, supra*, 130 S. Ct. at 2560.  In the case of AEDPA, the presumption's strength is reinforced by the fact that equitable principles have traditionally governed the substantive law of habeas corpus. *Id.*  The Sixth Circuit

will consider five factors in determining whether equitable tolling should apply: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Pinchon, supra,* (citation omitted). The absence of any prejudice to the opposing party "is a factor to be considered only after a factor that might justify tolling is identified." *Id.* (*citing Allen, supra*, 366 F. 3d at 401–02 (citation omitted)).

C. **THE ANALYSIS.**

    *1. Actual innocence as a precondition to reasonable diligence.*

Petitioner maintains that he is actually innocent of the major drug offender specification and he need not pursue his rights pending the State court's resolution of this issue. The statute of limitations is tolled during the pendency of the State court's resolution.

Requiring reasonable diligence effectively makes the concept of the actual innocence gateway redundant, since petitioners only seek equitable tolling when they were not reasonably diligent in complying with § 2244(d)(1)(D). *Perkins v. McQuiggin*, 670 F.3d 665, 673 (6th Cir. 2012) *petition for cert. filed July 2012.* The requirement [of reasonable diligence] has the effect of reducing actual innocence claims to only those which are timely under Section 2244(d)(1)(D), the new evidence provision. *Id.* (*quoting Souter v. Jones,* 395 F. 3d 577 (6th Cir. 2005)). All credible claims of actual innocence must be based on new reliable evidence. *Id.* (*citing Schlup v. Delo,* 115 S. Ct. 851 (1995)). The one-year limitations period begins to run from the date on which the new factual predicate "could have been discovered through the exercise of due diligence." *Id.* (*citing* Section 2244(d)(1)(D)).

The Magistrate must determine whether Petitioner made a credible showing of actual innocence. To sustain this burden, Petitioner must show that he is factually innocent not just that

11

there was insufficient evidence to convict him. Petitioner argues that the trial court failed to issue its factual and legal reasons for denying the motion to suppress, failed to rule on the motion for audiotape expert analyst and failed to sign a journal entry or enter a final appealable order in the post-conviction proceeding. These excuses hardly meet the stringent standard of providing **new** credible evidence that established it was more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.

Even assuming that this Court was inclined to permit equitable tolling of the AEDPA's statute of limitations because a viable claim of actual innocence had been presented, the first two factors of the five-factor test weigh against equitable tolling of the limitations period. Petitioner offers no explanation as to whether he had actual or constructive knowledge of the filing period or why he waited until the statute of limitations had expired before he pursued his actual innocence claim, particularly since he should have known at trial if he were actually innocent.

Considering the third factor, Petitioner offered no evidence of preparatory actions taken for at least five years prior to the filing of his Petition. In other words, there is no evidence that Petitioner was diligent about pursuing his rights.

The fourth element--absence of prejudice element--is irrelevant here since Petitioner has been unsuccessful in identifying factors that might justify tolling.

Finally, Petitioner does not argue that he was ignorant of the legal requirements for asserting a claim of actual innocence in habeas review.

Petitioner has been unable to reconcile his claim of actual innocence with the five-factor test. The Magistrate concludes that he has failed to show sufficient basis for application of equitable tolling or actual innocence.

### 2. *There is a pending motion to set aside his conviction in state court*.

Petitioner suggests that the statute of limitations does not commence until such time as the trial court has rendered a final appealable order disposing of his motion to set aside judgment and sentence and motion for evidentiary hearing.

Taking judicial notice of the criminal case docket for the case of *State v. Sherron Alexander*, Case No. CR 03-445329-A, in the Cuyahoga County Court of Common Pleas, the only pending proceeding is Petitioner's motion for judicial release and the government's brief in opposition. http://cpdocket.cp.cuyahogacounty.us/p_CR_Docket.aspx. The statute of limitations expired on November 26, 2006, and Petitioner filed the motion for judicial release in the common pleas court on May 3, 2012. The filing of these pleadings could not be used to pause or extend the statute of limitations.

In the present case, Petitioner is silent as to whether he lacked either actual or constructive notice of the filing requirement, thus, failing to demonstrate if the first and second elements of the five considerations for equitable tolling are present.

In consideration of the third requirement, the Magistrate notes that after an unsuccessful direct appeal, Petitioner did not pursue relief in the Supreme Court of Ohio. Thereafter a period of three years elapsed before Petitioner began to seek post-conviction relief. Petitioner offered no evidence of any investigative or other preparatory actions taken during the five years prior to the filing of his Petition in 2011. Evidence of such inactivity is conclusive that Petitioner was not diligent in pursuing his rights. Petitioner fails to comply with the third factor of the five-factor test.

The fourth factor, whether Respondent was prejudiced by the delay, is a factor to be considered only after a factor that might justify tolling has been duly identified. Petitioner has failed

to make a plausible case for equitable tolling on the first four factors and it is therefore irrelevant whether equitably tolling the statute of limitations will prejudice Respondent.

The final factor is Petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Petitioner does not argue that he was ignorant of the legal requirements for filing his claim.

Gauged by these considerations, the five factors weigh heavily in favor of denying Petitioner access to equitable tolling Petitioner is not entitled to an extension of the limitations as prolonged inattention to his legal rights was attributable to circumstances under Petitioner's control.

### *3.      Limited access to the Library.*

Petitioner claims that the conditions of confinement were a contributing factor to his failure to observe the statute of limitations. The law library had limited resources, he was not provided a trained professional to assist with his claims and he lacked the sophistication and knowledge of the law to adequately represent himself.

The Sixth Circuit has made clear that "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *Fitts v. Eberlin*, 626 F. Supp.2d 724, 731 (N. D. Ohio 2009) (*citing United States v. Stone*, 68 Fed. Appx. 563, 565 (6th Cir. 2003); *see also Plaza v. Hudson,* 2008 WL 5273899, *6 (N. D. Ohio 2008). Ignorance of the law alone is not sufficient to warrant equitable tolling. *Allen, supra*, 366 F. 3d at 403 (*citing Rose v. Dale,* 945 F. 2d 1331, 1334 (6th Cir. 1991)).

While it may be true that prison resources are limited, Petitioner never complained that he was unable to communicate with the court or that he was somehow denied complete access to resources which would assist him to timely file a habeas petition. Petitioner failed to establish that he lacked actual or constructive notices required to preserve the timeliness of his federal petition.

Petitioner does not claim that he was ignorant of the habeas filing requirements. Instead, Petitioner suggests that extraordinary circumstances outside his control, namely, the lack of access to the library and resources, are viable excuses for his lack of exercising due diligence in pursuing his remedies. This argument is rejected particularly since the quality of his requests were not affected by the lack of counsel or limited access to the library. Petitioner, *pro se*, presented colorable and rationally persuasive arguments in the motions for post-conviction relief, his requests for appellate review and the arguments made in this habeas case. The Magistrate is not persuaded that the combination of limited law-library access and *pro se* status justify Petitioner's lack of diligence in pursuing his rights and allowing his filing deadlines to pass.

Absence of prejudice is a factor to be considered only where a factor that may justify tolling has been identified. Here, no such factor has been identified and the Magistrate does not consider this a factor that weighs favorably in granting equitable tolling. Clearly limited access to the prison library or lack of legal knowledge are not extraordinary circumstances that trigger consideration of the principles of equitable tolling in this case.

  *4.*  *Ohio's Saving Clause.*

Petitioner seeks relief under Ohio's saving clause provided in OHIO REV. CODE § 2305.16. He claims that the saving provision for an imprisoned person should be extended to the interpretation of the statute of limitations in this case.

Under Ohio's savings clause, except as provided by OHIO REV. CODE §§ 1302.98 (statute of limitations in contracts of sale); 1304.35 (customer duty to discover and report unauthorized signature or alternation); 2305.04 (recovery of real estate); to 2305.14 (for other relief), if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, **within the age of minority or of unsound mind**, the person may bring it within the

respective times limited by those sections, after the disability is removed. OHIO REV. CODE § 2305.16 (Thomson Reuters 2012). After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders the person of unsound mind, the time during which the person is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought. OHIO REV. CODE § 2305.16 (Thomson Reuters 2012).

The Magistrate acknowledges that Section 2305.16 does not toll the statute of limitations for people who are incarcerated. OHIO REV. CODE § 2305.15(B) works as a tolling statute for persons who wish to sue an imprisoned person but it does not toll the statute of limitations for an inmate who sues others. There is no arguable construction or interpretation of the statute that would extend Petitioner's use of the savings clause here since he is not a minor and he has not established that he has an unsound mind. The savings provision of OHIO REV. CODE § 2305.16 does not apply to suspend the running of the statute of limitations applicable to this action.

Petitioner directs the Court's attention to the Supreme Court's decision in *Hardin v. Straub*, 109 S. Ct. 1998 (1989), which, in Petitioner's opinion, holds that disability under the savings clause applies. Mr. Hardin was a Michigan state prisoner whose complaint, filed pursuant to 42 U. S. C. § 1983, was dismissed by the Michigan court after the expiration of the three-year statutory limitations period which was applicable in federal civil rights action arising under 42 U. S. C. § 1988. The court of appeals refused to apply the Michigan statute that suspended the limitations period for persons under a legal disability, including prisoners, until one year after the disability had been removed. *Id.* The Supreme Court suspected that some inmates were probably loathe to sue adversaries to whose daily supervision and control they remained subject, and some inmates may not have had a fair

16

opportunity to establish the validity of their allegations while they were confined. *Id.* Consequently, the Supreme Court reasoned that the statute of limitations should be tolled to lessen any such difficulties of bringing suit against these adversaries by extending the time in which prisoners could seek recovery for constitutional injuries. *Id.* at 2003.

The *Hardin* case is distinguishable and ultimately inapplicable to Petitioner's case as the court extended to inmates a fair opportunity to establish the validity of their civil rights claims consistent with the remedial purpose of Section 1983. Because of his incarceration, Mr. Hardin was considered under a legal disability. The Court suspended the limitations periods until one year after the legal disability had been removed so that Mr. Hardin could file a Section 1983 case. The Supreme Court did not extend the Michigan statute to the extent that it superseded the application of the statute of limitations in a habeas case.

The Magistrate concludes that since imprisonment does not automatically afford Petitioner the status of a person of unsound mind or a minor, he cannot benefit from tolling under Ohio's savings clause for a federal statute of limitations in Section 2244(d).

### VII. STATUTORY TOLLING OF PETITIONER'S CLAIMS.

Petitioner fails to offer a plausible explanation as to why he failed to pursue his claims within a reasonable period of time before the statute of limitations expired. Respondent expressly argues that Petitioner is not entitled to statutory tolling as no tolling events occurred within the time period prior to the expiration of the statute of limitations.

Under Section 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted against the one-year period. *Gaston v. Sheldon*, 2012 WL 2576402, *8 (N. D. Ohio 2012) (*citing Otto v. Warden, Hocking Correctional Facility*, 2010 WL 2991580, * 1 (N. D.

Ohio 2010)). AEDPA's statutory tolling provision does not revive the limitations period but it does serve to pause a clock that has not yet fully expired. *Id.* (*citing Freeman v. Gansheimer*, 2010 WL 4568760 *5 (N. D. Ohio 2010)). Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.* (*citing Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted)).

The tolling provisions cannot aid Petitioner here because the statute of limitations had already expired before he filed his post-conviction motions in the state court. Specifically, the statute of limitations expired on November 26, 2006 and Petitioner did not file collateral pleadings until 2009 and 2010, which was more than two full years after the federal habeas limitations period had already expired. Once the statute of limitations expired, the statute could not be tolled because there was no period remaining to be tolled. Under these circumstances, the doctrine of statutory tolling cannot save this action from being time barred.

## VIII. MOTION FOR EVIDENTIARY HEARING

Petitioner seeks an evidentiary/sentencing hearing for purposes of presenting newly discovered evidence of actual innocence, explaining why his claims are defaulted and resolving issues related to sentencing of his allied offenses, the factual and legal basis for denial of the motion to suppress, the motion for audiotape expert analysis and the state court's failure to render a final appealable order in the post-conviction proceeding (Docket No. 9, pp. 1, 6, 10, 13, 15, 19-21 of 21). Considering Petitioner's failure to timely present these arguments in this habeas corpus case, no legal basis exists for consideration of Petitioner's motion.

The Magistrate recommends that the Court deny Petitioner's request for an evidentiary hearing.

## IX. CONCLUSION.

Failing to overcome the presumption in favor of equitable or statutory tolling, Petitioner's habeas petition is untimely filed by more than four years. The Magistrate therefore recommends that the Court grant Respondent's Motion to Dismiss, deny Petitioner's request for an evidentiary/sentencing hearing and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:       August 14, 2012

## X. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, if any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on the Magistrate Judge and all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and

recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.